IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **BRAYLON RAY COULTER, #20200383,** ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:22-CV-2212-G-BH |
| ) | |
| **NFN GILPIN,** ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or comply with court orders.

### I.  BACKGROUND

On October 4, 2022, a "Complaint" was received from a *pro se* prisoner plaintiff against an officer in the prison facility. (*See* doc. 3.)  On that date, he was sent instructions that specifically advised him that he must notify the court if his address changed, or his case could be dismissed. (*See* doc. 2.) By *Notice of Deficiency and Order* dated October 7, 2022, he was notified that if he had intended to file a civil rights lawsuit under 42 U.S.C. § 1983, he had not filed his complaint on the proper form for that type of action.  (*See* doc. 4.) He was also notified that he had not paid the filing fee or submitted an application to proceed *in forma pauperis* (IFP) for a civil rights action. (*See id*.) He was ordered to file his § 1983 civil rights action on the proper form and to either pay the filing fee or submit a fully completed and signed IFP application with the required certificate of inmate trust account within thirty days. (*See id*.)  He was specifically advised that a failure to do so could result in the dismissal of the case for failure to prosecute or comply with court orders.  (*See id.*) Attached to the order were a § 1983 form and an IFP application. (*See id.*)  The plaintiff did not

---

[1]  By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

respond, and the order was returned as undeliverable. (*See* doc. 5.)

On November 13, 2022, his notice of change of address was received. (*See* doc. 6.) By *Second Notice of Deficiency and Order* dated November 14, 2022, he was again notified that if he had intended to file a civil rights lawsuit under 42 U.S.C. § 1983, he had not filed his complaint on the proper form for that type of action. (*See* doc. 7.) He was also notified that he had not paid the filing fee or submitted an application to proceed *in forma pauperis* (IFP) for a civil rights action. (*See id*.) He was ordered to file his § 1983 civil rights action on the proper form and to either pay the filing fee or submit a fully completed and signed IFP application with the required certificate of inmate trust account within thirty days. (*See id*.) He was specifically advised that a failure to do so could result in the dismissal of the case for failure to prosecute or comply with court orders. (*See id*.) Attached to the order were a § 1983 form and an IFP application. (*See id*.)

More than thirty days from the date of the second notice of deficiency and order have passed, but the plaintiff has not filed an amended § 1983 complaint on the proper form and either paid the filing fee or submitted an IFP application, and he has not filed anything else in this case.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with an order to file an amended § 1983 civil rights complaint on the proper form, and to either pay the filing fee or submit a fully completed IFP application with a certificate of

inmate trust account, despite a warning that failure to do so could result in dismissal of the case. He has not filed anything else in the case since his change of address on November 10, 2022, and the mailing to that address has not been returned as undeliverable. Because the plaintiff failed to follow a court order or otherwise show that he intends to proceed with this case, it should be dismissed.

### III.  RECOMMENDATION

The plaintiff's case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless he files an amended complaint on the proper form and either pays the filing fee or files a fully completed IFP application with a certificate of inmate trust account within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED** on this 9th day of January, 2023.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE